**Tese & Milner**
**Attorneys for Angela Tese-Milner, Chapter 7 Trustee One Minetta Lane**
**New York, New York 10012**
**(212) 475-3673**
**ANGELA TESE-MILNER (ATM-9110)**

UNITED STATES BANKRUPTCY COURT      Presentment Date: Feb. 17, 2011
SOUTHERN DISTRICT OF NEW YORK                 10:00 a.m.

|  |  |  |
|---|---|---|
|  | : | Chapter 7 |
| In re: | : | Index No. 10-14398(MG) |
|  | : |  |
| Omnicraft Woodworking, LLC, | : |  |
|  | : |  |
| Debtor. | : |  |
|  | : |  |

APPLICATION OF TRUSTEE TO EMPLOY G.E.M AUCTION CORP. NUNC PRO
TUNC TO JANUARY 26, 2011 AND FOR ENTRY OF ORDER AUTHORIZING
CHAPTER 7 TRUSTEE TO SELL ASSETS FREE AND CLEAR OF ALL LIENS,
CLAIMS, ENCUMBRANCES AND OTHER INTERESTS ON SHORTENED NOTICE
AND AUTHORIZING TRUSTEE TO PAY EXPENSES OF SALE INCLUDING
LIENS OF SECURED CREDITORS IF ANY FROM THE PROCEEDS OF SALE AND
ESTABLISHING A BAR DATE FOR THE FILING OF ANY SECURED CLAIM
AGAINST THE SALE PROCEEDS

TO     THE HONORABLE MARTIN GLENN,
          UNITED STATES BANKRUPTCY JUDGE:

       The application of Angela Tese-Milner, Esq., the Chapter 7 Trustee ("Trustee") of

the above-captioned debtor ("Debtor") respectfully represents:

1. On or about August 7, 2010 ("Petition Date"), Omincraft Woodworking, LLC filed a

   voluntary petition under Chapter 7 of title 11 of the United States Code ("Bankruptcy

   Code"). A 341 meeting will be held on February 28, 2011 and Angela Tese-Milner

   has been appointed Trustee.

2. Prior to the Petition Date, the Debtor was in the business of woodworking.

3. The Trustee has ascertained that the Debtor has certain automobiles ("Automobiles") that are owned by the Debtor and that the certificates of title are in the Debtor's name.

4. The Trustee has also ascertained that the Debtor has certain woodworking equipment ("Equipment") that is located in storage pods at 8 Park Drive, Franklin, NJ 07416 and 111 Leuning Street, S. Hackensack, N.J.,07606. Citibank has asserted a lien on the Equipment in the amount of $1,471,339.85 ("Citibank Lien"). The Trustee is aware of no other liens on the Equipment.

5. The Trustee contacted Citibank regarding her proposed sale of the Equipment. Citibank has consented to sale of the Equipment and has agreed to a twenty percent (20%) carve out of its secured interest in the sale proceeds of the Equipment for general unsecured creditors. The Automobiles and Equipment are collectively referred to hereinafter as the "Assets".

6. The Trustee contacted G.E.M. Auction Corp. ("GEM") which has expressed an interest in assisting the Trustee in liquidating the Assets. The Trustee desires to retain GEM to sell the Assets. The Trustee believes that GEM is "disinterested: as such term is defined in Section 101(14) of the Bankruptcy Code and will not, while retained by the Trustee, represent any party in interest in connection with this Case. Further, the Trustee is satisfied that GEM represents no interest adverse to the Debtor or its estate.

7. GEM is bonded with the Bankruptcy Court for the Southern District of New York in the amount of $100,000.00

8. GEM will advertise the sale of the cars as appropriate, and on the "Web".

9. GEM will sell the Assets subject to the provisions of local rules 6004-1 and 6005-1 as set forth in its accompanying affirmation for retention.

10. GEM's application for payment will be subject to approval by the Court and only to be paid from the proceeds of the sale of the Assets.

11. By this Motion, the Trustee seeks entry of an order, substantially in the form attached hereto as Exhibit "1" authorizing the Trustee to sell the Estate's right, title and interest in and to the Assets. The Auction of the Assets will be held on February 22, 2011 at 11:00 a.m. at 8 Park Drive, Franklin, NJ 07416 and February 22, 2011 at 2:00 p.m. at 111 Leuning Street, S. Hackensack, N.J.,07606. The Assets will be sold free and clear of all liens, claims and encumbrances, if any, with such liens, claims and encumbrances to attach to the proceeds of sale net of allowed commissions, fees, costs and expenses of sale and "as-is and where-is" without representations and warranties. Aside from the Citibank Lien, the Trustee believes that there are no liens on the Assets. Since title is in the Debtor's name it appears that there is no secured claim against the Automobiles to be sold. The terms and conditions governing the auction or any offers at the sale will be available at the G.E.M. Auction Corp. website, auctioneers for the Trustee and mailed to all interested parties upon request. The Trustee is seeking authorization to compel any party that asserts a secured claim against the assets to be sold to file its claim or be barred from filing a secured claim against the sale proceeds.

12. The retention of GEM by the Trustee will contribute to the proper and expeditious administration of this Case. It is vital that the Trustee retain auctioneers who have experience in conducting liquidations and sales subject to higher or better offer in the

context of enhancing the Bankruptcy Estate. 11 U.S.C. § 363(b)(1) provides that "[t]he Trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." The standard for whether a sale of property should be approved is the Trustee's business judgment, taking into account (1) maximization of the value of the estate property and (2) avoidance of undue risk. *See In re Bakalis*, 220 B.R. 525, 532 (E.D.N.Y. 1998) ("[a] duty is imposed upon the trustee to maximize the value obtained from a sale, particularly in liquidation cases. . . . A trustee must also seek to avoid undue risk, particularly when dealing with money of the estate").

13. A sale of property to create an estate allowing payment of claims and providing for an equitable distribution to its creditors is at the core of the Bankruptcy Code. For the foregoing reasons, the Trustee should be authorized under 11 U.S.C. § 363(b) to sell the Assets to under the terms and conditions stated herein.

14. The Trustee requests that notice of this Motion be reduced to 7 days and of the auction be reduced to 10 days given the fact that the Debtor has gone out of business and that the autos are presently parked on the business premises. The Trustee believes that ten days notice will afford more than ample time to advertise the sale of the Assets, but limit storage and insurance costs to the Estate. By reason thereof, the Trustee respectfully submits that the service of notice described in Paragraph 2 of this Motion is appropriate under Fed. R. Bankr. P. 2002 and 6004 (a) and (c) and warranted under the circumstances presented. The Trustee requests that this Court find that due and sufficient notice of the Motion has been given to interested parties.

15. Because the Motion does not present a novel issue of law and discusses the statutory and other authorities that permit the relief requested, the Trustee requests that this Court waive and dispense with the requirement in Local Rule 9013-1(b) that any motion filed shall have an accompanying memorandum of law.

16. The Trustee has not completed her investigation into the Debtor's assets and financial affairs. Accordingly, the Trustee hereby expressly reserves her right to object to the Citibank Lien.

17. This Motion and the attachments thereto have been served on the Office of the United States Trustee, 33 Whitehall Street, New York City, 10004, Attn: Brian Masumoto, Esq. and the attorney for the Debtor. The Notice of Presentment of Order and Notice of Auction Sale will be served upon all known creditors and parties-in-interest in addition to the parties set forth herein.

WHEREFORE, the Trustee prays that she be authorized to retain and employ GEM to as auctioneer *nunc pro tunc* to January 26, 2011 and authorized to auction the Equipment and Automobiles on shortened notice.

Dated: New York, New York          Tese & Milner
      February  3, 2011           /s/ A. Tese-Milner
                         Angela Tese-Milner,Esq.(Atm-9110)
                         Counsel to the Chapter 7 Trustee